UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JUAN MERCADO SANCHEZ and
ALEJANDRO SANCHEZ,

                              Plaintiffs,                  **20-CV-01238 (VF)**

                   -against-                         **ORDER**

FIVE BROTHERS AUTO SPA AND
LUBE CORP. and HAK SAND MEIER,
as an individual,

                              Defendants.
-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      Parties submitted a proposed judgment on June 28, 2022 (ECF No. 71). As this is a wage-and-hour case under the Fair Labor Standards Act ("FLSA"), the proposed settlement agreement must comply with <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015). Accordingly, the parties must file a joint letter motion requesting that the Court approve the settlement agreement. Any letter motion, along with the settlement agreement, must be filed on the public docket by **August 28, 2022**. The letter motion must explain why the proposed settlement is fair and reasonable and should discuss, at a minimum, the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

<u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting <u>Medley v. Am. Cancer Soc'y</u>, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). The letter must also address whether there is a *bona fide* dispute as to the number of hours worked or the

amount of compensation due and how much of the proposed settlement plaintiff's attorney shall be seeking as fees. See Cheeks, 796 F.3d at 202, 207.

Any request for attorneys' fees must be accompanied by supporting documentation. "In this circuit, a proper fee request 'entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done.'" Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) (quoting Wolinsky, 900 F. Supp. 2d at 336).

Absent special circumstances, the Court will not approve any settlement agreement that is filed under seal or in redacted form. See id. at 177 n. 44. In addition, absent compelling circumstances, the Court will not approve settlement agreements containing sweeping non-disclosure provisions, see id. at 179–80; Flood v. Carlson Rests. Inc., No. 14 Civ. 2740, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015), or broad releases waiving claims having no relation to FLSA issues, see Flood, 2015 WL 4111668, at *2.

**SO ORDERED.**

DATED:    New York, New York
          July 28, 2022

_____
VALERIE FIGUEREDO
United States Magistrate Judge